UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AARON STREEPY,<br><br>　　　　　　　　Movant,<br>　　v.<br><br>JOSEPH H. EMMONS, et al.,<br><br>　　　　　　　　Respondents. | CASE NO. 3:24-mc-05005-DGE<br><br>ORDER TRANSFERRING<br>MOTION TO QUASH (DKT. NO. 1) |

　　　　Before the Court is Aaron Streepy's motion to quash a third-party subpoena pursuant to Federal Rule of Civil Procedure 45(d)(3).  (Dkt. No. 1.)  The subpoena was served on Mr. Streepy by the defendants ("Respondents") in *Guenther v. Emmons*, Case No. 2:22-cv-00272-TOR (E.D. Wash.).  (Dkt. No. 2 at 4–7.)  Mr. Streepy serves as counsel for the plaintiff in *Guenther*.  (Dkt. No. 3 at 1.)

　　　　Federal Rule of Civil Procedure 45(d)(3) provides that "[o]n timely motion, the court for the district where compliance is required must quash . . . a [third-party] subpoena" that, *inter alia*, "requires disclosure of privileged or other protected matter, if no exception or waiver

ORDER TRANSFERRING MOTION TO QUASH (DKT. NO. 1) - 1

1 applies; or [] subjects a person to undue burden." As the subpoena seeks Mr. Streepy's deposition testimony in Seattle (Dkt. No. 2 at 4), Mr. Streepy brings the motion to quash in the Western District of Washington.

Invoking Rule 45(f), Respondents ask the Court to transfer Mr. Streepy's motion to the Honorable Thomas O. Rice, who presides over *Guenther* in the Eastern District of Washington. (Dkt. No. 7 at 10–11.) Pursuant to Rule 45(f), "the court where compliance [with a third-party subpoena] is required" may transfer a motion to quash to the court where the subpoena was issued, if (1) "the person subject to the subpoena consents" or (2) "the court finds exceptional circumstances" warranting transfer. As Mr. Streepy does not consent to transfer (*see* Dkt. No. 14 at 1), the Court decides whether exceptional circumstances warrant transfer.

"The prime concern" in determining whether transfer is appropriate is the avoidance of burden on the local nonparty served with the subpoena. Fed. R. Civ. P. 45(f) Advisory Comm. Note (2013). Nonetheless, exceptional circumstances may warrant transfer when the interest in avoiding "disrupt[ion] [to] the issuing court's management of the underlying litigation . . . outweigh[s] the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id.* For instance, transfer may be appropriate if the issuing court "has already ruled on issues presented by the motion," *id.*, such that declining to transfer would risk inconsistent rulings on the same legal arguments, *U.S. Plywood Integrity Coalition v. PFS Corp.*, 2021 WL 409968, at *3 (W.D. Wash. Feb. 5, 2021). District courts have also ordered transfer under Rule 45(f) when the motion to quash raises issues that extend "beyond a standard relevancy determination and require[] a full understanding of the complexities of the [underlying] [l]itigation," *id.*, and where "[t]he parties have already engaged in extensive

1  discovery" overseen by the issuing court, *Buffalo Seafood House LLC v. Republic Services Inc.*,
2  2024 WL 126038, at *1 (D. Ariz. Jan. 11, 2024).

3        The Court finds transfer appropriate. There appears to be no burden that would be
4  imposed on Mr. Streepy by litigating the motion to quash in the Eastern District of Washington.
5  Indeed, Mr. Streepy's reply brief provides no assertion that he would be burdened by the transfer
6  (Dkt. No. 14 at 1–4), and Mr. Streepy is already litigating in the Eastern District of Washington
7  as counsel of record for the plaintiff *Guenther* (Dkt. No. 3 at 1).

8        In comparison, the interests favoring transfer are considerable. Judge Rice has heard
9  from the parties on some of the issues now raised in Mr. Streepy's motion to quash, including
10 arguments relating to privilege (Dkt. No. 8-1 at 55) and whether Respondents could gather the
11 same information sought through other witnesses (*id.* at 57–58). After hearing those arguments,
12 Judge Rice ordered that Respondents may proceed with taking the deposition of Mr. Streepy.
13 (*Id.* at 61–62.) While the Court understands Judge Rice's order was not in the context of a
14 motion to quash by Mr. Streepy, and instead was a ruling on the plaintiff's request to stay
15 discovery (*id.* at 61), the overlapping arguments presented to each court raises a risk of
16 inconsistent rulings.

17       Transfer will also promote judicial efficiency. While Mr. Streepy seeks to characterize
18 the underlying litigation as not sufficiently "complex" to warrant transfer (Dkt. No. 14 at 2), the
19 Court cannot agree. Correctly addressing the issues in the motion to quash requires a thorough
20 understanding of the allegations motivating the underlying action, Respondents' defenses, and
21 the nature of the discovery already taken. Having already presided over discovery disputes in the
22 underlying action—including a dispute relating to the deposition of Mr. Streepy—the issuing
23 court is in a far better position to resolve the instant motion. (*See* Dkt. Nos. 8-1 at 18–27, 53–
24

ORDER TRANSFERRING MOTION TO QUASH (DKT. NO. 1) - 3

62.)  The Court further notes the plaintiff in *Guenther* has filed a motion to dismiss the action without prejudice, which is currently pending and not ripe for decision until May 30, 2024.  (*Id.* at 35–44.)  Should Judge Rice grant the motion to dismiss, the motion to quash will become moot.

The Court ORDERS that Mr. Streepy's motion to quash (Dkt. No. 1) be transferred.[1]  The Clerk is directed to transfer Mr. Streepy's motion to quash for consideration by Judge Rice in *Guenther v. Emmons*, Case No. 2:22-cv-00272-TOR (E.D. Wash.), and to close this miscellaneous action.  Counsel for the plaintiff in *Guenther* SHALL file notice of this order in that action.

Dated this 15th day of May 2024.

David G. Estudillo
United States District Judge

---

[1] The Court acknowledges Respondents' request for fees incurred in opposing the motion to quash. (Dkt. No. 7 at 14.)  The Court declines to award fees, finding the issuing court better positioned to determine their appropriateness.

ORDER TRANSFERRING MOTION TO QUASH (DKT. NO. 1) - 4